**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Lavelle GAITHER, Defendant–Appellant.**

**No. 99–50612.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2000

Filed April 4, 2001

---

Joel Levine, A Professional Corporation, Encino, California, for the appellant.

Arif Alikhan, Assistant U.S. Attorney, Los Angeles, California, for the appellee.

**1066**

Before: RYMER, KLEINFELD, Circuit Judges, and DAMRELL,[1], District Judge.

KLEINFELD, Circuit Judge:

The main issue in this case is whether the defendant's guilty plea was tainted by a coercive colloquy.

## I. Facts

Gaither and another man robbed a bank. The other man brandished a pistol. Gaither was charged with armed bank robbery.[2] Bank robbery with a gun is punished much more severely than unarmed bank robbery.

Gaither did not change his plea to guilty until the first day of trial, after the venire had been brought into court. While the jury panel waited for the voir dire to start, defense counsel advised the court that Gaither had decided to change his plea. After Gaither stated that he now pleaded guilty, the judge had the clerk administer the oath, and then took him through the standard colloquy.[3] When she asked Gaither whether he had had an opportunity to discuss the sentencing guidelines with his attorney, he said he had not, so she recessed and told them they could have all the time they needed. After they came back, the judge continued carefully through all the standard questions.[4] The

plea agreement was for a prosecutorial recommendation, not binding on the judge, of a two level reduction for acceptance of responsibility, "providing defendant, in fact, accepts responsibility up through and to the time of sentencing."

The defendant created a problem when the court performed its duty to "make such inquiry as shall satisfy it that there is a factual basis for the plea."[5] Basically, Gaither kept making excuses for himself and avoiding admissions of guilt. When he got around to admitting that he robbed the bank (after first saying he went into the bank and got money because he very much needed it), he denied knowing that a gun would be used. As he was charged with armed bank robbery, use of a dangerous weapon was an element of the crime necessary to the "factual basis" required for a guilty plea.[6]

The judge then asked the prosecutor for an offer of proof. The prosecutor said the evidence would show that Gaither and an accomplice entered the bank, Gaither pulled down a ski mask, jumped over a teller's desk and took $18,308 from two tellers' desks while his accomplice held the people in the bank at bay with a chrome plated .38 revolver, and then the two robbers fled in a gray Volkswagen bus.

The judge asked Gaither if this was true, and he said "Yes, ma'am." But the prosecutor expressed concern about adequacy of the factual basis, because Gaither had not admitted knowing about the gun. Defense counsel said that although Gaither had denied knowing that a gun would be used, he was satisfied that he would be

---

1. The Honorable Frank C. Damrell, Jr., U.S. District Judge for the Eastern District of California, sitting by designation.

2. See 18 U.S.C, §§ 2113(a), (d).

3. See generally, Fed.R.Crim.P. Rule 11; see also, Federal Judicial Center, Benchbook for

United States District Court Judges, §§ 2.01, 2.02 (4th ed. 1996).

4. See id.

5. Fed.R.Crim.P. Rule 11(f).

6. See 18 U.S.C. § 2113(d); Fed.R.Crim.P. Rule 11(f).

convicted based on the evidence, and wanted to enter an *Alford*[7] plea. The judge then inquired further into the facts before deciding whether to accept the *Alford* plea. First she reminded Gaither that he was under oath, and emphasized to him that he did not have to plead guilty but could exercise his right to go to trial. Gaither then restated his account, emphasizing that when his accomplice pulled the gun, Gaither was looking in a different direction and could not see it and "didn't even know he had a gun." "My objective, all I thought about, I had problems you know. I was on drugs. I just wanted to go in there, run in, get some money and run out." The judge then said that she saw no reason to go any further, declined to accept an *Alford* plea, and said she would have the venire called back in so voir dire could begin. The prosecutor suggested that the evidence of a planned bank robbery by these two men would support the inference that the gun was part of the planning, but the court declined to accept the plea in the face of the defendant's denial of knowledge.

At this point, defense counsel reemphasized that his client wished to enter a plea. Then Gaither interrupted and said "I just don't want to go to trial," and that he would admit knowledge of the gun if the prosecutor wanted him to. The judge said "No. Under no circumstances, Mr. Gaither, are you ever to say anything that is not absolutely correct." She then recessed while the jury was called in, declining to extend the colloquy because she did not want to participate in what might amount to plea negotiations.[8]

After the recess, before the venire was called in, the judge and counsel discussed scheduling for the rest of the day, based on which witnesses would testify and for how long. Gaither interrupted. The judge told him that she did not wish to hear from him further at that time except through his attorney. Defense counsel then said that Gaither wished to plead guilty, and " '[h]e would request that the court pursue the colloquy again.' " Yielding to the defense request, the judge asked him again about his knowledge of the gun. Gaither said he knew his accomplice had a weapon, probably a knife, but did not know it was a gun.

The judge attempted to end the colloquy and get on with the trial. But Gaither interrupted again, and said "I knew he had a gun, your honor." After his previous repeated denials that he had known about the gun, he now made repeated assertions that in fact he really did know that his accomplice had a gun. The judge asked him how he knew, and Gaither replied that his accomplice had told him he had a gun when they got out of the car, before they went in the bank. The accomplice had said "I'll watch your back," he put his hand in his pocket as though he had a gun, and, Gaither said, "I knew he was going to use the gun." The judge asked him about the difference between this account and what he had said earlier, and Gaither said "I was holding back." Gaither now said that he expected his accomplice to draw the gun and point it at people in order to hold them back, though he did not expect him to actually shoot anyone. After assuring that counsel were satisfied, the court accepted the plea.

Gaither did not appeal. But three years later Gaither filed a motion to vacate the judgment[9] challenging his guilty plea and conviction, alleging *inter alia* that he had been denied adequate assistance of counsel because his attorney did not file an appeal. The district court denied this motion and

---

7. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

8. *See* Fed.R.Crim.P. 11(e)(1)(C).

9. *See* 28 U.S.C. § 2255.

Gaither appealed to this court. We remanded for an evidentiary hearing to determine whether Gaither had consented to his attorney's failure to file a notice of appeal.[10] The district court heard testimony from Gaither, who said he had wanted his lawyer to appeal, and from his then defense counsel, who said that he routinely asked his clients if they wanted to appeal and did what they asked, but that he had no independent recollection of the case and no written notation. The judge found by a preponderance of evidence that Gaither had not consented to the failure to file notice of appeal, vacated the judgment, and reentered it so that Gaither could appeal.[11] This delayed appeal on the merits is now before us.

## II. Analysis

### A. The plea.

■ Gaither argues that his plea was coerced. Without any citation of authority, he argues that once he denied knowledge of the gun, the court should have gone no farther with the plea colloquy, and tried the case.

This argument flies in the face of the facts. Once Gaither said he had no knowledge of the gun, the court *did* go no farther, and stated that they would try the

case. Gaither insisted, repeatedly interrupting, on resuming the plea colloquy and pleading guilty. In the circumstances, made difficult by a defendant who would not accept responsibility for his conduct and kept changing his story, the trial judge conducted a model colloquy.

■ Rule 11(d) requires the district court to determine whether a plea is "voluntary and not the result of force or threats or of promises apart from a plea agreement" before accepting the plea. In making this inquiry, we consider the totality of circumstances,[12] to determine the "extent to which a defendant is permitted to make a free choice among the acceptable alternatives available at the plea stage."[13] We review whether a plea was given voluntarily de novo.[14] And we review the factual basis of the plea de novo.[15]

The district court was required to make "such inquiry as shall satisfy it that there is a factual basis for the plea."[16] Different judges do this in different ways, and many different ways are proper. Some judges ask the prosecutor for the factual basis, and then ask the defendant if what the prosecutor said is true. Some judges put the defendant under oath and ask him what he did.[17] Both are proper, as are others, in appropriate circumstances.[18]

---

**10.** *See United States v. Stearns,* 68 F.3d 328 (9th Cir.1995) *overruled by, Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that counsel's failure to file notice of appeal without defendant's consent is not per se deficient).

**11.** This procedure was then required by our decision in *Stearns.*

**12.** *See United States v. Anderson,* 993 F.2d 1435, 1437 (9th Cir.1993).

**13.** *United States v. Hernandez,* 203 F.3d 614, 618 n. 5 (9th Cir.2000).

**14.** *See United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th Cir.1990).

**15.** *See United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998); *United States v. Rivera–Ramirez,* 715 F.2d 453, 457 (9th Cir. 1983) (applying same test as district court).

**16.** Fed.R.Crim.P. Rule 11(f).

**17.** *See United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987) (Stating that sworn statements made by defendant in open court "carry a strong presumption of verity.").

**18.** *See* 1974 Advisory Committee Notes to Fed.R.Crim.P. Rule 11(f).

The Supreme Court has said that "having the accused describe the conduct that gave rise to the charge" is an example of a proper way to take a guilty plea.[19] Many judges use this technique, because the direct colloquy gives them a firm basis for determining that the crime was committed and a better understanding of the crime and the defendant for sentencing purposes.[20] While we do not denigrate any other technique, this one, as used by the district judge in this case, is entirely appropriate. The judge cannot "participate in any discussions between the parties concerning [the] plea agreement,"[21] and the judge here did not.

There was no reason to doubt that Gaither really did know about the gun, and we have no reason to suppose that he admitted knowing about the gun only because of some unidentifiable sort of coercion. The logical way to rob the bank in these circumstances, was for the accomplice to brandish a gun while Gaither stole the money. In assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight.[22] Here, Gaither insisted on pleading guilty, and said he knew about the gun. The judge plainly informed him that he did not have to admit knowing about the gun and could make the government try to prove it, and that the jurors were available and waiting. The circumstantial evidence that he knew about the gun was strong, he had every reason to think that it could be proved, and the judge had every reason to believe his admission, despite his earlier denials.

### B. *Ineffective assistance.*

Gaither next argues that defense counsel rendered ineffective assistance with respect to the colloquy. We generally do not hear cases of ineffective assistance of counsel on direct appeal,[23] and there is no reason to diverge from this practice here.

### C. *Obstruction adjustment.*

The district court enhanced Gaither's sentencing level by two levels for obstruction of justice because he lied under oath several times, when he claimed he did not know about the gun.[24] The argument is that the findings were not specific enough, justice was not obstructed because Gaither quickly recanted, and the enhancement does not apply to perjury during a Rule 11 colloquy. We review a district court's determination that a defendant has obstructed justice for clear error.[25]

Before the judge made a factual finding regarding obstruction of justice, she asked defense counsel for his position. He said "Your honor, we would agree with the probation department that a two-level enhancement is an appropriate enhancement." Thus, the issue was waived.

---

**19.** *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

**20.** *See United States v. Anderson,* 993 F.2d 1435, 1438 (9th Cir.1993) (quoting *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir.1986) (internal quotations omitted) ("[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of validity.")).

**21.** Fed.R.Crim.P. Rule 11(e)(1)(C).

**22.** *See Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir.1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).

**23.** *See United States v. Andrews,* 75 F.3d 552, 557 (9th Cir.1996).

**24.** *See* U.S.S.G. § 3C1.1.

**25.** *See United States v. Barbosa,* 906 F.2d 1366, 1369 (9th Cir.1990).

D. *Dismissal.*

■ Gaither argues that when his evidentiary hearing established that he had not consented to his counsel's failure to appeal, the judge should have dismissed the indictment against him, instead of vacating and reinstating the judgment so that he could appeal. The judge did exactly what the law then required.[26] We had held in *United States v. Stearns*[27] (subsequently overruled) that if a defendant did not consent to his lawyer's failure to file notice of appeal, the appeal must be reinstated.[28] "That can be accomplished by vacating the judgment and then reentering it, which will allow a fresh appeal."[29] Gaither next argues that he should have received a new sentencing hearing so that he could show reasons that had developed since his sentencing for why his sentence should be more lenient. But *Stearns* provided the then appropriate remedy for failure to file notice of appeal where the defendant has not so requested. Now there is no bright line rule entitling a defendant to any remedy at all in these circumstances,[30] but where a remedy is available, it would be the one we provided for in *Stearns,* to allow this late appeal.

### III. Conclusion

We AFFIRM the judgment of the district court.

**26.** *See United States v. Garza–Juarez,* 992 F.2d 896, 905 (9th Cir.1993) (reviewing district court's decision on whether to dismiss indictment to remedy a violation of recognized rights for abuse of discretion).

**27.** 68 F.3d 328 (9th Cir.1995) *overruled by, Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that counsel's failure to file notice of appeal without defendant's consent is not per se deficient).

**28.** *See id.* at 329–30.

**29.** *Id.* at 331 (citing *United States v. Pearce,* 992 F.2d 1021, 1023 (9th Cir.1993)).

**30.** *See Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).