UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose NIEVES–RUMBO, Defendant–Appellant.

No. 00–50155.

D.C. No. CR–98–1208(A)–CM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2001 *.

Decided July 6, 2001.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM **

Jose Nieves–Rumbo appeals his guilty plea conviction for conspiracy to possess and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Nieves–Rumbo argues that the district court violated Federal Rule of Criminal Procedure 11 by failing to require him to personally admit the facts establishing his guilt. Although Nieves–Rumbo failed to raise this issue before the district court, we will nonetheless review it on appeal. *See United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000) (noting that Rule 11 has its own review mechanism which supersedes the normal waiver rule), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001) (granting review to determine whether Rule 11 violations are subject to plain error or harmless error).

We conclude that no error occurred by the court's failure to elicit an express admission of the facts. A defendant is not required to personally admit the facts that establish the basis for the plea. *See United States v. Alber,* 56 F.3d 1106, 1110 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Cir.1995) (citing *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). Rather, a district court is required only to satisfy itself that there is a factual basis for the plea before entering judgment. *See United States v. Aquino,* 242 F.3d 859, 866 (9th Cir.2001), *cert. denied,* —— U.S. ——, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). This requirement may be satisfied by eliciting the factual basis for the plea from the defendant, the government or by any other appropriate method. *See United States v. Gaither,* 245 F.3d 1064, 1069 (9th Cir.2001). The record indicates that there was a sufficient factual basis for Nieves–Rumbo's guilty plea.

AFFIRMED.