**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor SALAZAR–DIMAS, aka Pacomio Dimas Gonzales, Rodolfo Gonzales, Nito Gonzales, Rodolfo Munguia, Rudy Munguia Ruiz, Rodolfo Ruiz Munguia, Victor Ibarra Salazar, Victor Gonzalez, Victor Ignacio Sandoval, Manuel Martinez Santana, Jesus Sandoval, Rodolfo Francisco Munguia, Defendant—Appellant.**

No. 01–50279.

D.C. No. CR–00–01142–ER.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM**

Victor Salazar–Dimas appeals his guilty-plea conviction and 77–month sentence for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We review de novo whether the district court adequately established a factual basis for a defendant's guilty plea. *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir.2001).

Salazar–Dimas contends that the district court violated Fed.R.Crim.P. 11(f) for failing to establish a sufficient factual basis for his guilty plea. He is wrong. The uncontested factual summary in the presentence report and the plea colloquy constitute a sufficient factual basis to support his plea. *See* Fed.R.Crim.P. 11(f); *see also United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995) ("To establish a factual basis for the plea, the court may consider

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

all of the evidence before it at the time of judgment."); *United States v. Rivera–Ramirez,* 715 F.2d 453, 457 (9th Cir.1983) (recognizing that Rule 11 prescribes no specific method of establishing the factual basis so long as sufficient evidence on the record supports the conclusion that the defendant is guilty). Accordingly, the district court did not err by finding that an adequate factual basis supported Salazar–Dimas's guilty plea.

Salazar–Dimas further contends that the decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that a prior aggravated felony conviction used to enhance a sentence for illegal reentry need not be charged in an indictment nor proved to a jury beyond a reasonable doubt). As Salazar–Dimas concedes, we have addressed and rejected this contention. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.