**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique AGUIRRE–GONZALEZ, aka Enrique Gonzalez Aguirre, aka Enrique Aguirre–Gonzalez, Defendant–Appellant.**

No. 01–10256.
D.C. No. CR–00–136–TUC–ACM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Dec. 17, 2002.

Before BALDOCK,* KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Defendant Enrique Aguirre–Gonzalez was indicted on a charge of reentry after deportation in violation of 8 U.S.C. §§ 1326(a) & (b)(2). The Federal Public Defender was appointed to represent Defendant. Prior to trial, however, Defendant privately retained defense counsel. Retained counsel gave notice that at trial Defendant would call an expert to establish Defendant had attained derivative citizenship through a grandparent. At the close of the Government's case in chief, however, Defendant entered a plea of guilty without any plea agreement. At the conclusion of the plea colloquy, the district court found a factual basis for the plea. The court further found Defendant acknowledged his guilt, knew the rights he was waiving, and was aware of the maximum twenty-year sentence for the offense. The court concluded Defendant's plea was knowing and voluntary. With a criminal history category of VI and an offense level of 21 (including a three level reduction for acceptance of responsibility), Defendant's guideline range was 77 to 96 months imprisonment. The district court sentenced Defendant (now represented by a third attorney) to 77 months imprisonment. Defendant timely filed a notice of appeal. We exercise jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.

I.

Defendant first argues his plea was involuntary because (1) retained counsel told him his mother would go to jail if he did not plead guilty, and (2) he did not understand English and proceeded without an interpreter. We review whether a plea was voluntary de novo. *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001). Fed.R.Crim.P. 11(d) requires the district court to determine whether a plea is voluntary and not the result of force or threats or promises. In making this determination on appeal, we must consider the totality of the circumstances to determine whether defendant was "permitted to make a free choice among the acceptable alternatives." *Gaither*, 245 F.3d at 1068 (citation omitted).

In this case, Defendant signed a form waiving a certified interpreter prior to trial. Defendant unequivocally told the district court at his change of plea hearing he (1) had not been threatened, (2) was promised nothing, and (3) was satisfied with retained counsel's services. In response to Defendant's claim he pled guilty because retained counsel told him that his mother would go to jail if he did not plead guilty, the district court found counsel had not threatened Defendant but had told him "what the facts of life were" if she took the stand and lied in order to establish Defendant's derivative citizenship. Like the district court, we conclude Defendant's guilty plea was knowing and voluntary.

II.

Defendant next argues he received ineffective assistance of retained counsel. According to Defendant, if retained counsel

---

* Honorable Bobby R. Baldock, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had researched the derivative citizenship defense in a timely fashion, counsel would have learned prior to trial the defense was not viable and would not have urged Defendant to go to trial. Instead, counsel would have encouraged Defendant to accept a purported plea offer which would have resulted in Defendant receiving less than 77 months imprisonment.

The question of whether a defendant received ineffective assistance of counsel is a mixed question of law and fact which we review de novo. *United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir. 2000). We generally, however, do not hear issues of ineffective assistance of counsel on direct appeal. *Gaither,* 245 F.3d at 1069. This is so because the appellate record "often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995) (citation and internal quotation marks omitted).

In this case, the record is not sufficiently developed for us to consider Defendant's ineffective assistance of counsel claim. First and perhaps most importantly, no evidence exists, other than Defendant's word, as to whether a plea offer even existed, much less the details of the plea offer. Second, the record is not entirely clear regarding retained counsel's representation and what actually transpired prior to and at trial. Thus, we conclude Defendant's ineffective assistance claim is best raised in a motion before the district court for relief under 28 U.S.C. § 2255.

AFFIRMED IN PART and DISMISSED IN PART.