**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gregory Alan REEVES, Defendant—
Appellant.**

No. 02–50275.

D.C. No. CR–99–00001–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 4, 2003.

Ellyn M. Lindsay, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Gregory Alan Reeves appeals from the district court's judgment, following his plea of guilty to one count each of mail and wire fraud. Reeves contends that his guilty plea is invalid because the district court failed to establish a factual basis for his plea.

Federal Rule of Criminal Procedure 11(f) requires the district court, before entering judgment on a guilty plea, to "determine that there is a factual basis for the plea." *See* Fed.R.Crim.P. 11(b)(3).[1] This court has previously recognized that district courts may properly employ many different methods to determine that an adequate factual basis exists for a guilty plea under Rule 11(f). *See United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001). The district court in this case referred the appellant to the written facts contained in the plea agreement and elicited the appellant's agreement with those facts in order to establish a factual basis for the appellant's guilty plea. We cannot say that the district court committed plain error in establishing the factual basis for the guilty plea in this manner.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rule 11 has been reorganized, and the substance of former subsection (f) now appears at subsection (b)(3).