692

UNITED STATES of America,
Plaintiff—Appellee,

v.

Mark Justin DENNY, Defendant—
Appellant.

No. 04–30294.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 22, 2005.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: ALARCÓN, KOZINSKI, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Defendant Mark Justin Denny was charged with assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153(a). He pled guilty to this offense. Mr. Denny appeals from

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court's order sentencing him to 96 months in prison on the ground that the district court erred in enhancing his sentence by three-levels pursuant to the "official victim" enhancement under U.S.S.G. § 3A1.2(a)(1)(A) for assaulting a tribal police officer. Section 3A1.2(a)(1)(A) provides for a three-level enhancement if the victim of the crime is an "official victim," *i.e.*, a government officer or employee. Mr. Denny contends that a tribal police officer is not an "official victim" within the meaning of § 3A1.2(a)(1)(A).

■ The record reflects that Mr. Denny's counsel agreed to the application of the "official victim" enhancement under § 3A1.2(a)(1)(A) at the sentencing hearing "because the victim was a government officer, which we don't object to." Accordingly, Mr. Denny waived his right to raise this issue on appeal. *See United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir.1990) (holding that defendant waived his right to challenge on appeal a two-level increase for obstruction of justice by stating to the district court at the sentencing hearing that he concurred with the enhancement); *see also United States v. Gaither*, 245 F.3d 1064, 1069 (9th Cir.2001) (same).

■ Mr. Denny also contends that the district court committed clear error in determining that he knowingly struck a law enforcement officer, and therefore erroneously imposed a three-level enhancement under U.S.S.G. § 3A1.2(b) (2002). Given that the victim was assaulted while wearing a police uniform, following a lengthy foot-chase by police, we conclude that the district court did not err in imposing the three-level enhancement.

Mr. Denny further contends that the district court violated his Sixth Amendment rights because it imposed enhancements under the Sentencing Guidelines based on facts neither admitted by Mr.

Denny nor proved to a jury beyond a reasonable doubt.

■ Mr. Denny brings *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to our attention. Because Mr. Denny failed to raise a Sixth Amendment objection below, we order "a limited remand to the district court ... for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

AFFIRMED IN PART; REMANDED IN PART.