**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erasmo OTERO–SOTO, Defendant–**
**Appellant.**

**No. 07–10165.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed April 29, 2008.

Michael Allen Lee, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Atmore L. Baggot, Esq., Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, GOULD and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Erasmo Otero–Soto ("Otero–Soto") appeals both his jury conviction and sentencing for possession with intent to distribute methamphetamine, cocaine, cocaine base, and marijuana; for conspiracy to possess each of these drugs with intent to distribute; and for use of a firearm during and in relation to the individual drug trafficking offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

■■■ Otero–Soto argues that his convictions should be reversed because, on the eve of trial, the district court did not investigate a continuing conflict between Otero–Soto and his first appointed attorney. We review the denial of a request for new appointed counsel for abuse of discretion. *See United States v. Corona–Garcia*, 210 F.3d 973, 976 (9th Cir.2000). The district court did not abuse its discretion because (1) it had already held a hearing addressing Otero–Soto's concerns with his attorney; (2) Otero–Soto did not request a new attorney at the beginning of trial; and (3) the attorney's remark did not raise any new issues that the court had not already addressed.

Otero–Soto also argues that his conviction for the firearm charge must be overturned because of an infirm jury instruction on that count. Because Otero–Soto did not object to the jury instruction at trial, we review for plain error. *See United States v. Lopez*, 477 F.3d 1110, 1113 (9th Cir.2007). We may exercise our discretion to grant relief if (1) there was error; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Perez*, 116 F.3d 840, 846 (9th Cir.1997) (en banc). Even if there was error and it was plain, it did not affect substantial rights and did not seriously affect the fairness, integrity or public reputation of judicial proceedings. Otero–Soto was convicted of each individual drug possession charge, and there was strong and convincing evidence that he carried or used his gun in relation to those individual crimes. Thus the error does not warrant correction. *See id.* at 848. We reject Otero–Soto's contention that the error was structural. *Cf. Neder v. United States*, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

■■■ Finally, Otero–Soto argues that he must be resentenced because the presentence report ("PSR") was based on information that was false or misleading by suggesting that the jury determined drug quantities when it had not done so. Because Otero–Soto did not object to the PSR, he waived any objection to the advisory guideline calculations insofar as based on drug quantities set forth in the PSR. *See United States v. Gaither*, 245 F.3d 1064, 1069 (9th Cir.2001). Moreover, in light of the unobjected-to lab report, the sentencing enhancements were supported by the "preponderance of the evidence" standard applied to sentence increases based on conspiracy charges. *See United States v. Melchor–Zaragoza*, 351 F.3d 925, 929 (9th Cir.2003). Lastly, we reject Otero–Soto's contention that the district court inadequately considered the factors required under 18 U.S.C. § 3553. *See Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007); *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). The district court reasonably considered the serious-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

ness of the offense, as well as the need to provide adequate deterrence and to protect the public from further crimes, in sentencing Otero–Soto.