**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARMANDO RAMIREZ-VALADEZ,

Defendant - Appellant.

No. 08-10304

D.C. No. 2:07-CR-00798-EHC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Armando Ramirez-Valadez appeals his conviction for illegal reentry in
violation of 8 U.S.C. § 1326(a), with an enhancement pursuant to 8 U.S.C. §
1326(b)(2). He claims that his guilty plea was not intelligent and was thus
involuntary because he was unaware and not informed of his constitutional trial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

rights. He also contends that the district court's failure to advise him of his rights pursuant to Federal Rule of Criminal Procedure 11 constitutes plain error. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction.

**I**

Ramirez-Valadez first argues that his plea is invalid because the district court's failure to inform him of his trial rights meant that he did not intelligently enter his plea. We review the voluntariness of a plea de novo. *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001).

A criminal defendant must have an understanding of the trial rights he is putatively waiving. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). However, a valid conviction does not require specific articulation of these rights so long as the plea is voluntary, intelligent, and performed with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Carroll*, 932 F.2d 823, 825 (9th Cir. 1991). In this case, the failure of the district court to inform Ramirez-Valadez of his specific rights at trial does not render his plea invalid. Only after jury selection on the day of trial did Ramirez-Valadez choose to enter his plea. His decision to proceed to trial until the threshold of the trial itself demonstrates that he was sufficiently aware his right to trial. With respect to his right of confrontation and his privilege

2

against self-incrimination, while the district court did not explicitly inform him of these trial rights, the record reveals that Ramirez-Valadez and his attorney had discussed trial matters as well as the option of entering a plea at such a late stage in the proceedings. Thus, Ramirez-Valadez's plea was voluntary and intelligent because he had sufficient awareness and knowledge of the consequences of his plea.

## II

Ramirez-Valadez also appeals the validity of his conviction on the grounds that the district court failed to advise him of certain rights pursuant to Rule 11. Because Ramirez-Valadez failed to object to the errors in the district court, he must show plain error. *See United States v. Johnson*, 626 F.3d 1085, 1088-89 (9th Cir. 2010).

The district court's failure to issue certain Rule 11 warnings to Ramirez-Valadez constituted error, and such an error was plain. However, to show an effect on his substantial rights, Ramirez-Valadez must demonstrate a reasonable probability that but for the error, he would not have pled guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Here, Ramirez-Valadez fails to show any causal connection between the district court's omissions and his decision to plead. Thus, even had he been explicitly informed of these rights during his plea

3

colloquy, it is difficult to conclude that his decision would have been different. *See id.* at 85. Thus, he does not meet his burden of demonstrating that but for the errors it was reasonably probable that he would not have pled guilty.

For the foregoing reasons, we hold that Ramirez-Valadez's conviction is valid and that the district court's omissions of certain Rule 11 advisements did not affect his substantial rights.

**AFFIRMED**.