**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10530 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00229-JGZ |
| v. | |
| WALTER VICENTE-GONZALEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Warren W. Eginton, District Judge, Presiding**

Submitted January 21, 2014***

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Walter Vicente-Gonzalez appeals from the district court's judgment and

challenges his guilty-plea conviction and 37-month sentence for reentry after

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Warren W. Eginton, Senior United States District Judge for the District of Connecticut, sitting by designation.

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vicente-Gonzalez contends that his plea was not entered knowingly, intelligently, and voluntarily because he did not understand the nature and range of possible sentences.  We review the voluntariness of a plea de novo.  *See United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001).  The record reflects that although Vicente-Gonzalez disliked the range of possible sentences he was facing, his plea was knowing, voluntary, and intelligent.

Vicente-Gonzalez also contends that the district court should have departed downward to account for his cultural assimilation.  Our review of departures is limited to determining whether the district court imposed a substantively reasonable sentence.  *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 76 (2013).  The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51. (2007).

**AFFIRMED.**

12-10530