UNITED STATES of America,
Plaintiff–Appellee,

v.

Guadalupe CHACON–PALOMARES,
Defendant–Appellant.

No. 99–35390.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2000.

Memorandum Disposition
Filed March 9, 2000.

Order Filed April 6, 2000.

---

William S. LaBahn, Law Offices of William S. LaBahn, Eugene, Oregon, for the defendant-appellant.

Baron C. Sheldahl, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: GOODWIN, GRABER, and FISHER, Circuit Judges.

## ORDER

The Memorandum disposition filed March 9, 2000, is redesignated as an authored Opinion by Judge Graber with modifications.

## OPINION

GRABER, Circuit Judge:

Defendant, who is serving a 108–month sentence for aggravated illegal reentry, in violation of 8 U.S.C. § 1326(b)(2), filed a motion for post-conviction relief under 28 U.S.C. § 2255. Defendant alleged that he had received ineffective assistance of counsel when his lawyer advised him to reject a plea offer. The district court denied the motion without holding an evidentiary hearing. After obtaining a certificate of appealability from the district court on that issue, *see* 28 U.S.C. § 2253(c)(2), Defendant filed this timely appeal.

## EVIDENTIARY HEARING

We review de novo a district court's decision to deny a motion under 28 U.S.C. § 2255. *See United States v. Navarro,* 160 F.3d 1254, 1255 (9th Cir.1998). A claim of ineffective assistance of counsel raises a mixed question of law and fact, which we review de novo. *See United States v. Alvarez–Tautimez,* 160 F.3d 573, 575 (9th Cir.1998). A district court's decision to deny an evidentiary hearing on a

§ 2255 motion is reviewed for abuse of discretion. *See United States v. Blaylock,* 20 F.3d 1458, 1464 (9th Cir.1994).

Defendant argued that his lawyer was ineffective because he advised Defendant to reject the government's plea offer and told Defendant that "the case was simple and could be won at trial." Defendant also said that the lawyer induced him to reject the plea by incorrectly informing him that, if convicted, he faced a maximum sentence of six months in prison. Finally, Defendant stated that the lawyer told him to testify falsely at trial.

In support of his claims, Defendant offered affidavits from Chacon (Defendant's wife) and Diaz (a friend). Their affidavits showed that they had personal knowledge of the matters stated. Chacon asserted (among other things) that defendant's lawyer told her that he could "trick the system" by convincing the jury that Defendant never was deported in 1993; that the lawyer "clearly implied" to her that he had told Defendant to lie at trial; that the lawyer said that Defendant should reject the plea offer; and that the lawyer dismissed the interpreter during a conference at counsel table. Diaz asserted (among other things) that the lawyer told Defendant that he did not know much about illegal reentry cases and that the lawyer told Defendant to reject the plea offer, because he could not receive more than two years in prison if convicted, even though Defendant had told the lawyer that he was guilty.

The government offered two countervailing affidavits. Faced with conflicting affidavits, the district court denied Defendant's § 2255 motion without holding an evidentiary hearing.

■ When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record."

*United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989); *accord Frazer v. United States,* 18 F.3d 778, 781 (9th Cir.1994); *Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir.1990).

Defendant and his supporting affiants have alleged facts which, if true, might establish a right to relief. For example, if the court were to find that the lawyer told Defendant that he faced a maximum prison term of six months, then Defendant might prevail. *See Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986) (concluding that counsel's "gross mischaracterization" of the sentence that the defendant could face if he refused a plea offer constituted ineffective assistance of counsel).

The government argues that the district court was entitled to assess Defendant's lack of credibility without holding a hearing. Even if that is so, an issue that we need not decide, the court could not have assessed the credibility of Chacon and Diaz, neither of whom had appeared at trial, but both of whom supported Defendant's specific allegations of ineffective assistance of counsel. Their affidavits cannot be discounted based on the government's assertion that the district court must have made an unspoken adverse credibility finding with respect to Defendant.

■ The government also argues that Defendant failed to assert that he would have accepted the plea offer but for counsel's advice. However, Defendant did raise that argument in the district court in a reply brief that the district court had before it prior to rendering its decision. Defendant stated: "Petitioner was prejudiced by his attorney's ineffectiveness. He relied on his attorney telling him that he could win at trial, and did not accept the government's plea offer." He further stated: "In addition, he received a two point upward departure that he would not have received if he would not have followed his attorney's advice to lie." Those statements are sufficient to state a claim that

Defendant was prejudiced by counsel's allegedly deficient performance.

■ Finally, the government argues that the expansion of the record to include affidavits from both sides obviated the need for a hearing. It is true that, in the proper circumstances, a district court can expand the record in a § 2255 proceeding and thereby answer any unanswered questions, making it unnecessary for the court to conduct a hearing. *See Shah v. United States,* 878 F.2d 1156, 1160 (9th Cir.1989) (so stating). Here, however, the expansion of the record introduced evidentiary support for Defendant's claims from two new witnesses, which only increased the need for a hearing.

We conclude that the district court erred in denying Defendant's § 2255 motion without having held an evidentiary hearing.

### VIENNA CONVENTION

■ For the first time on appeal, Defendant argues that his lawyer was ineffective for having failed to pursue a claim under the Vienna Convention. His claim is procedurally defaulted. First, the claim is unpreserved. Second, the claim is untimely, having been made for the first time after the expiration of the one-year statute of limitations. Third, the district court did not grant a certificate of appealability, and Defendant did not move to expand the certificate of appealability that the court did issue.

REVERSED AND REMANDED for an evidentiary hearing on Defendant's original claim of ineffective assistance of counsel.