**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick J. HAIGHT, Defendant–
Appellant.**

No. 99–36225.

D.C. Nos. CV–99–00049–WFN,
CR–98–00026–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2000.[1]

Decided Jan. 5, 2001.

Before CHOY, WALLACE, and FARRIS, Circuit Judges.

MEMORANDUM [2]

Patrick J. Haight ("Haight"), a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his ninety-two month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and 2255. We review a district court's decision to either deny or grant a federal prisoner's 28 U.S.C. § 2255 motion de novo, *see United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), and we review claims of ineffective assistance of counsel de novo, *see United States v. Span*, 75 F.3d 1383 (9th Cir.1996) (evaluating claim raised in 28 U.S.C. § 2255 motion). For the reasons below, we vacate and remand.

We granted a certificate of appealability on the issue of whether Haight's counsel was ineffective for failing to file a notice of appeal. A defendant alleging ineffective assistance of counsel must show both that counsel's representation, "fell below an objective standard of reasonableness" and that the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court identified factors courts are to con-

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sider in determining whether the defendant received ineffective assistance of counsel where counsel failed to file notice of appeal on the defendant's behalf. *See id.* at 1035–38 (concluding that district court must determine whether counsel had a duty to consult with defendant; if so, whether that duty was met; and whether there is a reasonable probability that, but for counsel's deficient performance, defendant would have timely appealed).

Because the district court did not make findings regarding these particular factors, and because the record is not sufficient to allow us to do so, we vacate the denial of Haight's motion solely on the issue of ineffective assistance of counsel for failure to file an appeal and remand for further proceeding consistent with *Flores–Ortega. See id.* at 1040.

VACATED and REMANDED.