**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pierre Clifton MARSHALL, Defendant–Appellant.**

No. 98–56335.

D.C. Nos. CV–96–07185–DWW, CR–92–00200–RG.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Pierre Clifton Marshall appeals from the district court's denial of his 28

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

2. This disposition is not appropriate for publi-

U.S.C. § 2255 motion challenging his convictions for money laundering, and drug trafficking. Although we previously determined that a certificate of appealability was unnecessary, upon further consideration in light of *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1600, 146 L.Ed.2d 542 (2000), a certificate is required. We therefore grant the certificate of appealability pursuant to 28 U.S.C. § 2253, as to the following issues: 1) whether Marshall's counsel was ineffective for failing to object to the court's reading of jury instructions regarding the elements of money laundering followed by a general instruction defining the term "knowingly" and 2) whether Marshall's right to due process was violated by the court's reading of the conflicting instructions. *See* 28 U.S.C. § 2253.[3] We review de novo the district court's denial of Marshall's section 2255 motion, *United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir.2000), and affirm.

■ First, the district court correctly determined that in the absence of an objection, the trial court's reading of both a specific money laundering jury instruction and a general instruction defining the term "knowingly" did not warrant reversal of Marshall's conviction. Because Marshall did not object to the instructions at the district court level, we review for plain error. *United States v. Klinger,* 128 F.3d 705, 710 (9th Cir.1997)(stating that plain error is "error that is so obvious, a competent district judge should be able to avoid it without benefit of objection.") As we have previously stated, prior to our decision in *United States v. Stein,* 37 F.3d 1407 (9th Cir.1994), the conflict between an in-

struction for money laundering and a general instruction defining "knowingly" was "far from obvious, and [a] district judge could not have been expected to notice the tension without the benefit of an objection from counsel." *Cf. United States v. Turman,* 122 F.3d 1167, 1171 (9th Cir.1997). Accordingly, the district court's reading of the jury instructions was not plain error. *Id.* (stating, on direct appeal, that the reading of an instruction generally defining "knowingly," along with an instruction as to money laundering was not plain error)

■ Second, although it is possible that counsel should have recognized the potential for confusion resulting from the court's instructions, we cannot say that his failure to do so constituted performance outside "the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As we mentioned previously, The law regarding the definition of "knowingly" was unsettled at the time of Marshall's trial. *Turman,* 122 F.3d at 1171, and thus, the district court correctly determined that Marshall's counsel was not ineffective for failing to object to the district court's jury instructions. *Strickland,* 466 U.S at 687, 104 S.Ct. 2052.

AFFIRMED.[4]

---

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** We deny the request for a certificate of appealability as to Marshall's remaining claims.

**4.** Marshall' October 2, 2000 Motion for Limited Remand is denied. To the extent Marshall is requesting permission to file a successive petition, he must obtain authorization by filing an application with this court pursuant to 28 U.S.C. § 2244(b)(2).