Wally Lee CLARK, Plaintiff–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 00–35271.

D.C. Nos. CV–97–00054–GF–PGH,
CR–87–00017–PGH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided April 11, 2001.

Before PREGERSON, THOMAS, and
GOULD, Circuit Judges.

MEMORANDUM *

Federal prisoner Wally Lee Clark ("Clark") appeals from the district court's denial of his 28 U.S.C. § 2255 habeas petition. Clark's habeas petition raises constitutional challenges to his federal court conviction, following a jury trial, for: sodomy, in violation of 18 U.S.C. § 1153 and MCA 45–5–505(3); arson, in violation of 18 U.S.C. § 81; and second-degree murder, in violation of 18 U.S.C. § 1111. Specifically, Clark alleges that: (1) his Fourth Amendment rights were violated because the federal grand jury required him to submit blood, hair, and saliva samples without probable cause or a search warrant; and (2) his Sixth Amendment rights were violated because he was deprived of the effective assistance of counsel at trial. The district court denied Clark's claims without conducting an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 2253(a) and 1291, and we affirm.

---

## I. Fourth Amendment Claim

█ Clark raises his Fourth Amendment challenge to the grand jury subpoena of his blood, hair, and saliva for the first time in these proceedings. The district court found that Clark's Fourth Amendment claim was procedurally barred pursuant to *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In *Stone*, the Supreme Court held that a petitioner may not raise a Fourth Amendment claim in habeas proceedings where he has had an opportunity to fully and fairly litigate that claim at trial. *See Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (applying *Stone* rule to § 2255 petitions).

Applying the holding of *Stone*, we have held that "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so." *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996). Because there is no evidence that Clark's counsel was prevented from moving to suppress the blood, hair, and saliva samples obtained from Clark at any time before the beginning of the trial, there is no reason to conclude that Clark was denied "an opportunity for full and fair litigation of [his] Fourth Amendment claim." *Stone*, 428 U.S. at 494. Therefore, the district court correctly concluded that Clark's Fourth Amendment claim was not cognizable in federal habeas proceedings.

## II. Sixth Amendment Claim

To establish that he was deprived of the effective assistance of counsel, Clark must satisfy the two-prong test set forth by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Clark must establish that: (1) counsel's performance was "deficient" because it fell below an "objective standard of reasonableness"; and (2) counsel's deficient performance prejudiced Clark's right to a fair trial. *Id.* at 687–88. The prejudice prong of *Strickland* requires Clark to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

█ Clark argues that he was deprived of the effective assistance of counsel because his attorneys failed to investigate and present an alibi defense. After reviewing the record, the district court determined that counsel's withdrawal of the alibi defense was a strategic decision, which Clark himself approved. The district court thus concluded that Clark's counsel's performance was not "deficient" within the meaning of *Strickland*, and denied Clark's request for an evidentiary hearing.

Where a petitioner files a § 2255 motion, the district court is required to hold an evidentiary hearing except in circumstances where "the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief." *United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir.2000) (quoting 28 U.S.C. § 2255). We review a district court's decision to deny an evidentiary hearing on a § 2255 petition for abuse of discretion. *Id.* at 1158.

█ The record reflects that Clark's counsel informed the trial judge of their decision to abandon the alibi defense and that Clark agreed to that decision. After Clark's counsel informed the trial judge of their intention to withdraw the alibi defense, the trial judge asked Clark if he "concur[red]" in that decision. Clark replied, "[y]es sir." The trial judge then asked Clark if his lawyers had informed him of "all the details" relevant to the decision to withdraw the alibi defense. Clark answered, "[y]es." The trial judge again asked Clark, "[a]nd you concurred with that?" Clark again responded, "[y]es."

Based on the record, we find no basis for concluding that the district court abused its discretion in failing to conduct an evidentiary hearing. Because Clark cannot demonstrate that his counsel's performance was "deficient," much less prejudicial, we find that the district court properly denied habeas relief with respect to his Sixth Amendment claim.

The denial of Clark's habeas petition is therefore AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publi-