HU MIN SHUN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–35000.
D.C. Nos. CV–99–00544–TSZ
CR–95–0732–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Sept. 6, 2001.

Before NOONAN, TASHIMA and TALLMAN, Circuit Judges.

## MEMORANDUM *

Federal prisoner Hu Min Shun (Hu) appeals the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. We affirm the denial.

We do not repeat the facts of Hu's underlying conviction, which are set forth in the opinion of this court affirming the conviction. *See United States v. Lin,* 139 F.3d 1303 (9th Cir.), *cert. denied,* 525 U.S. 904, 119 S.Ct. 238, 142 L.Ed.2d 196 (1998). We discuss the facts relating to Hu's § 2255 petition only insofar as necessary to decide the sole issue before this court: whether Hu was denied effective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to explain the law of duress, thereby causing Hu to forego a favorable plea agreement. The district court decided the claim against Hu, but granted a certificate of appealability on this issue. We review de novo both the denial of the § 2255 petition and the "determination that the prisoner was not denied his Sixth Amendment right to counsel." *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir.1994).

Hu argues that the district court erred in denying the claim without holding an evidentiary hearing. We review for abuse of discretion a district court's decision not to hold an evidentiary hearing on a § 2255 petition. *Id.* "When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Chacon–Palomares,* 208 F.3d 1157, 1159 (9th Cir.2000) (quoting 28 U.S.C. § 2255).

We cannot say that the district court abused its discretion in not holding an evidentiary hearing. The district court concluded that Hu's "contention is simply unsupported by the record," a record, we note, with which Judge Zilly, as the trial judge, was already familiar. During a pre-trial hearing at which Hu was scheduled to enter a plea, Hu's counsel informed Judge Zilly that Hu would not enter a plea because of unresolved charges of similar crimes still pending in New York. Hu's counsel stated that the government "knew all along that the plea agreement ... was contingent upon settling matters in New York. We have been busy trying to do that and have not been successful ...." This admission in open court belies Hu's claim that he rejected the plea agreement because of his trial counsel's deficient performance. Accordingly, Hu cannot demonstrate that he received ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The denial of the § 2255 petition is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.