UNITED STATES of America,
Plaintiff–Appellee,

v.

Maximo ZORIO, Defendant–Appellant.

No. 00–55167.
D.C. No. CR 94–00768–JSL
CV 99–03993 JSL.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001 *.

Decided March 12, 2002.

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Federal inmate Maximo Zorio appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 1997 cocaine conspiracy conviction. Zorio argues the district court erred in denying his motion without an evidentiary hearing on his claim that counsel was ineffective for failing to challenge the government's grant of immunity to government witness Villarino. Zorio seeks a reversal for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253(c) and review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158–59 (9th Cir.2000). We affirm.

The district court cannot deny a § 2255 motion without an evidentiary hearing when the factual allegations, if true, would have entitled the defendant to relief. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994); *Baumann v. United States*, 692 F.2d 565, 570–71 (9th Cir.1982). Zorio's claim arises out of his counsel's discovery on cross-examination that government witness Villarino may have had an oral immunity agreement with an Assistant United States Attorney in a different case in Colorado. Zorio alleged in his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

motion that trial counsel was ineffective because counsel failed to: (1) discover prior to trial the immunity agreement between Villarino and a Colorado AUSA in the unrelated case, and (2) effectively cross-examine Villarino about the crimes he committed and his immunity from prosecution for those crimes. Zorio also alleges that appellate counsel was ineffective in failing to raise the ineffective assistance of trial counsel claim on direct appeal. To prevail on his ineffective assistance claim, Zorio must show that his lawyer's representation fell below an objective standard of reasonableness and that prejudice resulted. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, Zorio must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 693–94, 104 S.Ct. 2052.

The record conclusively shows that the outcome of the trial and direct appeal would not have been different if counsel had discovered the Colorado immunity agreement with Villarino prior to trial, cross-examined Villarino more thoroughly, or raised the ineffective assistance of counsel claim on direct appeal. Villarino's testimony about his numerous illegal activities, including his lies to the prosecuting attorney, and his testimony that he had immunity for "anything" he said during testimony were explored fully before the jury. Additional questioning would have added little or nothing. Moreover, the timing and nature of the disclosure did not prejudice Zorio. By obtaining the revelation of the immunity agreement for the first time on cross-examination, Zorio's counsel impeached Villarino's credibility more dramatically than if the government

had been able to draw the sting. To reiterate, all of this is of record. Zorio has not come forward with factual allegations outside the record that, if true, would warrant relief. Accordingly, the district court did not err in denying the § 2255 motion without conducting an evidentiary hearing.

AFFIRMED.

