**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thanad PAKTIPATT, Defendant–
Appellant.**

No. 01–35132.
D.C. Nos. CV–00–06043–HO,
CR–96–60068–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided March 29, 2002.

Before HUG, T.G. NELSON, and
GOULD, Circuit Judges.

MEMORANDUM *

Thanad Paktipatt appeals the district court's order denying his habeas corpus petition filed under 28 U.S.C. § 2255. Specifically, Paktipatt challenges the district court's holding that it could not retroactively apply the new rule established in *Apprendi v. New Jersey* [1] to cases on ini-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

tial collateral review and that Paktipatt did not receive ineffective assistance of counsel at trial. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2255. We affirm the district court's order.

■ The decision to deny a § 2255 petition is reviewed *de novo*.[2] Paktipatt asserts that his sentence for drug violations violated *Apprendi* because the judge set the sentence after determining the drug quantities himself. However, our recent decision in *United States v. Sanchez–Cervantes*[3] forecloses Paktipatt's *Apprendi* claim. In *Sanchez–Cervantes*, we held that *Apprendi* does not apply retroactively to cases on initial collateral review.[4] Therefore, Paktipatt is barred from pursuing an *Apprendi* claim in his § 2255 petition.

■ Paktipatt also asserts that his counsel rendered ineffective assistance by not calling an expert on Thai culture as a witness and not subpoenaing a confidential informant to be a witness. In assessing claims of ineffective assistance of counsel, this circuit follows the two-prong test of *Strickland v. Washington:*[5] a defendant must show deficient performance by counsel that resulted in prejudice.[6] The record establishes that Paktipatt can show neither.

Paktipatt's attorney's failure to introduce an expert on Thai culture did not render his performance deficient because there were numerous other witnesses, called by both the Government and the defendant himself, who provided information on Thai culture and on Paktipatt in particular. These witnesses were sufficient to provide context for Paktipatt's relationships with the other defendants and for his actions. There was no need to call an additional witness to explain how Thai culture influenced Paktipatt's actions. It is also difficult to see how such a witness would have altered the result of the proceeding.

■ Paktipatt also claims that his counsel should have subpoenaed a confidential informant whose statements were introduced at trial through a videotape. Because the informant was not a witness, Paktipatt could not cross-examine him or discredit him. This claim fails the second prong of the *Strickland* test because even if the informant had been cross-examined and discredited, the verdict would not have been affected. The defendant's own statements captured on the video provided overwhelming evidence of his guilt. Because Paktipatt's ineffective assistance of counsel claim and his *Apprendi* claim both fail, we affirm the district court's order.

AFFIRMED.

435 (2000).

**2.** *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000).

**3.** *United States v. Sanchez–Cervantes*, 282 F.3d 664 (9th Cir.2002).

**4.** At 671.

**5.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**6.** *Id.* at 687, 104 S.Ct. 2052.