**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth J. LUMPKIN, Defendant–
Appellant.**

No. 00–56625.
D.C. No. CV–00–00245–DT–
2, CR–96–00442–DT–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

## MEMORANDUM **

Kenneth J. Lumpkin appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate his conviction and 240–month sentence for conspiracy to distribute cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. We have jurisdiction under 18 U.S.C. § 1291. We review de novo the district court's denial of Lumpkin's motion to vacate, *see United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir. 2000), and we affirm.

Lumpkin argues that his counsel at trial provided ineffective assistance by failing to object, and seek severance based upon, the introduction of evidence of the confession by Lumpkin's non-testifying co-defendant, evidence which implicated Lumpkin in vio-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

To prevail on a claim of ineffective assistance of counsel, Lumpkin must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In this case, there was no clear *Bruton* violation. Moreover, the record overwhelmingly links Lumpkin to a conspiracy to distribute cocaine base and aiding and abetting. Lumpkin was not only observed by law enforcement agents assisting a drug trafficking transaction, but the testimony of a drug courier detailed Lumpkin's specific involvement in the conspiracy.

Thus, regardless of whether or not the evidence of the co-defendant's confession may have violated *Bruton*, taking into consideration the rest of the evidence against Lumpkin, it is not reasonably probable that the outcome of the trial would have been different, and there was no prejudice. *See id.*

Accordingly, the district court did not err in denying Lumpkin's § 2255 motion to vacate.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.