**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Patrick BACON, Defendant–Appellant.**

No. 01–36029.

D.C. Nos. CR–99–02003–WFN, CS–01–00043–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Thomas Patrick Bacon appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 130–month sentence imposed following his 1999 guilty-plea convictions to manufacturing methamphetamine and felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1) and 942(g)(1). We have jurisdiction under to 28 U.S.C. § 2253. We review de novo a district court's denial of a § 2255 motion, *see United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

Bacon contends that the district court erred in denying his motion because counsel was ineffective for failing to file a direct appeal when Bacon notified him to do so after sentencing. This claim is not persuasive. First, Bacon does not establish his counsel's performance was objectively unreasonable. *See Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (concluding that pleading guilty and receiving the bargained-for sentence are highly relevant factors indicating objectively reasonable performance). Second, simply asserting an interest in an appeal is insufficient to establish prejudice. *Id.* at 486 (demonstrating prejudice requires showing that had defendant received reasonable advice from counsel about the appeal he would have instructed counsel to file an appeal). Accordingly, the district court's denial of Bacon's

---

** This disposition is not appropriate for publication and may not be cited to or by the

§ 2255 motion was proper.[1]

**AFFIRMED.**

1. We decline to review Appellant's other claims of error because the district court did not grant a certificate of appealability on these issues. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1107 (9th Cir. 1999) (per curiam) (holding that the AEDPA limits the scope of appellate review to issues specified in the certificate of appealability). Appellant's outstanding motions are denied.

