**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald James LAWSON, Defendant—Appellant.**

No. 02–35207.

D.C. Nos. CV–01–00201–WFN, CR–97–00154–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

MEMORANDUM**

Donald James Lawson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the 120–month sentence imposed after he pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

Lawson contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) applies retroactively and renders his sentence unconstitutional. This contention is unpersuasive. First, because *Apprendi* does not apply retroactively to cases on initial collateral review. *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002). Second, Lawson's sentence is below the 20–year statutory maximum for an unspecified amount of methamphetamine, 21 U.S.C. § 841(b)(1)(C), so *Apprendi* would not reduce his sentence. *See United States v. Garcia–Guizar*, 227 F.3d 1125, 1129 (9th Cir.), cert. denied, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490. (2001).[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Lawson also contends that the AEDPA made federal habeas petitions a critical stage of the legal process, entitling him to appointed counsel at the district court hearing. This issue was not certified for appeal and we decline to address it. 9th Cir. R. 22–1. Lawson's request for counsel in the instant appeal is denied.

