UNITED STATES of America, Plaintiff—Appellee,

v.

Leonard Lee JACKSON, Defendant— Appellant.

No. 03–56572.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Brian D. Hershman, Esq., USLA—Office of The U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Federal prisoner Leonard Lee Jackson appeals the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate his 210–month sentence following his guilty plea conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000), and we affirm.

Jackson contends that his trial attorney rendered ineffective assistance by failing to argue that the search of the vehicle Jackson was driving exceeded the scope of his consent. For Jackson to succeed, he must demonstrate that his attorney's representation was deficient to such a degree as to prejudice his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Jackson has not demonstrated that his attorney's performance was deficient, nor can he show a reasonable probability that, had his attorney argued that the search exceeded Jackson's consent, it would have changed the result of the proceedings.

Therefore, the district court properly denied his petition. *See id.* at 691–92, 104 S.Ct. 2052.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

