FILED

FEB 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-36071 |
| Plaintiff - Appellee, | D.C. Nos.    1:10-cv-00046-CCL |
| v. | 1:06-cr-00051-CCL |
| FREDERIC EMANUEL SCOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted February 6, 2013
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Defendant-Appellant Frederic Scott appeals the district court's order

denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C.

§ 2255.  Scott contends that the district court improperly denied his ineffective

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

assistance of counsel claim without holding an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Under 28 U.S.C. § 2255, the district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). We review de novo the district court's denial of a § 2255 motion, and we review for abuse of discretion the district court's decision to deny an evidentiary hearing on a § 2255 motion. *Id*. at 1158–59.

Scott's § 2255 motion alleged that his trial counsel acted deficiently by giving inaccurate information on (1) the definition of a firearm under 18 U.S.C. § 924(c) and (2) Scott's likelihood of success at trial. Scott claims that absent this deficient performance he would have accepted a plea offer or pursued a guilty plea even without a plea offer.

The district court did not abuse its discretion in dismissing Scott's § 2255 motion without an evidentiary hearing. *See Watts v. United States*, 841 F.2d 275, 278 (9th Cir. 1988) (per curiam).

The motion and record in this case establish that Scott is not entitled to relief. First, his affidavit is unclear as to whether the government offered him a plea deal. In his affidavit, Scott states both that he would have accepted the government's plea deal and that he would have pleaded guilty even without a plea offer. Scott's sworn statement is thus equivocal and does not say that he had a plea offer. By contrast, the government states, though in an unsworn statement, that it has no record of extending a plea offer to Scott. Second, Scott's affidavit asserted that, on counsel's advice, he rejected a government plea offer that would have dismissed the firearm charge and allowed him to plead guilty to the drug distribution charge because his counsel had informed him that he had a fifty-fifty chance of defeating the firearm charge at trial. That explanation is inherently implausible. Scott faced near-certain conviction at trial on the drug distribution charge, even if he prevailed on the firearm charge. It is not plausible that Scott would have rejected a plea deal eliminating the firearm charge, and instead gone to trial with a fifty-fifty chance of defeating that charge, because of deficient advice from his lawyer.

For these reasons, it was not an abuse of discretion for the district court to deny Scott's motion without an evidentiary hearing.

**AFFIRMED.**