**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-16590 |
| Plaintiff - Appellee, | D.C. Nos. 2:05-cv-00167-WBS |
| v. | 2:99-cr-00043-WBS |
| THOMAS RAYMOND ROSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted August 11, 2014[**]
San Francisco, California

Before: SILVERMAN and CLIFTON, Circuit Judges, and WATSON, District
Judge.[***]

Thomas Ross appeals the district court's denial of his 28 U.S.C. § 2255

motion challenging his drug convictions and sentences. We review the ineffective

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Derrick Kahala Watson, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

assistance of counsel claims de novo and denial of the evidentiary hearing for an abuse of discretion. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158-59 (9th Cir. 2000). We affirm.

Ross claims that his trial lawyer (Muhammad) was ineffective for advising him to reject a pretrial plea agreement. To prevail on his claim, Ross must establish that he was prejudiced – i.e., that there was a reasonable probability that Ross would have accepted the pretrial plea but for his lawyer's bad advice. *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). This claim fails because there is no evidence in the record that Ross would have considered or accepted any pretrial plea. In fact, the evidence is to the contrary. The lawyer that Ross had before Muhammad (Holley) strongly recommended that Ross accept the plea, but Ross would not hear of it. Ross also rejected a plea offer made *after* he already had been found guilty and had been made aware of his sentencing exposure by his *newest* lawyer (Frick). The record supports the district court's finding that Ross was not prejudiced by any supposed deficient advice to reject the original plea because there is no reason to believe he would have accepted it no matter what Muhammad advised.

Ross also claims that defense counsel was ineffective for failing to object when the prosecutor invited Ross to comment on the truthfulness of government

2

witnesses and then emphasized his testimony during closing argument. To establish prejudice, Ross must prove there was a reasonable probability that the outcome would have been different had defense counsel objected. *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003). This claim fails because the supposedly improper conduct was minor, and there was very strong evidence of guilt. The strongest evidence came from Ross's own multiple written and taped confessions and a co-defendant's testimony. The jury heard two audio taped confessions, watched the videotaped confession, and read the written confession. Ross's confession to the police detective that he stole drums of pseudoephedrine on three occasions was consistent with the co-defendant's testimony, and the prosecutor did not question Ross about the co-defendant's veracity. In this context, the objectionable questions cannot be said to have likely tainted the result in any way.

Ross cannot prove that he was prejudiced by appellate counsel's failure to raise prosecutorial misconduct on direct appeal: The improper questions were not of great significance and were dwarfed by both Ross's own confessions and that of his co-defendant.

Finally, the district court did not abuse its discretion by not conducting an evidentiary hearing. There are no disputed facts, and the district court assumed

that all of Ross's statements were true. The alleged facts do not entitle Ross to relief. *Leonti*, 326 F.3d at 1116.

**AFFIRMED**.