**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-35431 |
| Plaintiff - Appellee, | D.C. Nos.   1:11-cv-00078-DWM |
| v. | 1:04-cr-00087-RFC-11 |
| ISAAC NATHAN KIMBER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted January 22, 2015
Billings, Montana

Before: THOMAS, Chief Judge, and HAWKINS and CHRISTEN, Circuit Judges.

Isaac Kimber appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence.[1] The district court denied

Kimber's motion as untimely, ruling that the one-year statute of limitations for §

2255 motions was not tolled because Kimber could not establish that he was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]    The parties are familiar with the facts, so we do not recount them here.

actually innocent of possessing firearms in furtherance of a drug trafficking conspiracy. We have jurisdiction under 28 U.S.C. §§ 2253 and 2255, and we affirm the district court's order.

"We review de novo a district court's decision to deny a motion under 28 U.S.C. § 2255." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000). A one-year statute of limitations applies to § 2255 motions from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The district court imposed judgment on Kimber in May 2005, and he did not file his § 2255 motion until July 2011, over six years later.

A claim of actual innocence is a basis for equitable tolling of the statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Kimber, however, cannot toll the statute of limitations based on his alleged actual innocence because it is not "more likely than not that no reasonable juror would have convicted him" of Count 23, possession of a firearm in connection with a drug trafficking offense. *Bousley v. United States*, 523 U.S. 614, 623 (1998). It is clear that Count 23 contained a typographical error: it referred to Count 20—the October 2003 possession with intent to distribute charge—rather than Count 22—the

December 2003 charge for possession of 4.2 grams of methamphetamine.[2]

Possessing 4.2 grams of methamphetamine may have been consistent with personal use, but Kimber also possessed three loaded guns, a digital scale, numerous plastic baggies, walkie talkies, a "Radio Shack scanner," and $451 in cash. This evidence strongly suggests both intent to distribute and a nexus between possession of the firearms and the drug crime.

Even if Kimber could show that he was actually innocent of Count 23, he also would be required to demonstrate his actual innocence of the charges the government agreed to dismiss at the time he entered his plea. *Id.* at 624. This, he does not attempt to do.

**AFFIRMED.**

---

[2]    The transcript of the change of plea hearing makes this apparent because the parties and the district court all proceeded as if Count 23 in fact referred to Count 22. For instance, the judge asked Kimber if he "possess[ed] with intent to distribute the 4.2 grams of methamphetamine [he] had when [he was] arrested in December 2003." Kimber's testimony establishes neither he nor his counsel were confused about the government's theory, and that he was not prejudiced by the error in the indictment.