NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RALEIGH RANA FIGUERAS,

Defendant-Appellant.

No. 21-15886

D.C. Nos.
2:19-cv-01267-MCE-EFB
2:16-cr-00045-MCE-EFB-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 8, 2022[**]
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[***] District
Judge.

Appellant Raleigh Figueras appeals from a district court order denying his 28

U.S.C. § 2255 motion. Alleging ineffective assistance of counsel, Figueras

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

challenges a sentence imposed after a guilty plea. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255, and we affirm.

"We review de novo a district court's decision to deny a motion under 28 U.S.C. § 2255. A claim of ineffective assistance of counsel raises a mixed question of law and fact, which we review de novo." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000) (internal citation omitted).

To establish ineffective assistance of counsel, Figueras must prove (1) "that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that any such deficiency was "prejudicial to the defense," *id.* at 692. We may consider either *Strickland* prong, and need not address both if a defendant makes an insufficient showing under one. *Id.* at 697; *see Schumway v. Washington*, 145 F.3d 1340, at *2 (9th Cir. 1998). Here, we need address only the prejudice prong.

To satisfy the prejudice requirement, Figueras must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where, as here, ineffective assistance is alleged to have led a defendant to accept a plea deal, a different result means that "but for counsel's errors, [Figueras] would either have gone to trial or received a better plea bargain." *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004); *see Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

2

Figueras "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Figueras, a legal permanent resident of the United States, pled guilty to possession of stolen U.S. mail in violation of 18 U.S.C. § 1708, for which he was sentenced to 12 months in prison. The conviction and resulting sentence of "at least one year," 8 U.S.C. § 1101(a)(43)(G), made him "deportable" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Figueras contends that, but for his counsel's ineffective assistance in not seeking a term of imprisonment of less than one year, he would have received a shorter prison sentence, thereby avoiding the immigration consequences he now faces.

The record does not support the conclusion that the sentencing judge would have given Figueras a shorter sentence had counsel sought one, nor that he would have proceeded to trial if his counsel acted differently. The same district judge presided over both sentencing and the § 2255 proceedings. In denying the § 2255 motion, that judge made clear that he "would not have imposed less than a twelve-month sentence … just so [Figueras] could avoid immigration consequences." The record also reflects that counsel "consistently" advised Figueras "that he would be deported … as a result of pleading guilty …, including [to] … possession of stolen mail." Figueras nevertheless chose to plead guilty, "understanding … that he would

be deported."  Given Figueras's criminal history and the apparent strength of the government's case against him, this was a rational decision.  *See Padilla*, 559 U.S. at 372.

**AFFIRMED**.