**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35329 |
| Plaintiff-Appellee, | D.C. Nos. 3:20-cv-01909-JO |
| v. | 3:18-cr-00223-JO-1 |
| DARLENE MICHELLE STURDEVANT, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35330 |
| Plaintiff-Appellee, | D.C. Nos. 3:20-cv-01910-JO |
| v. | 3:19-cr-00254-JO-1 |
| DARLENE MICHELLE STURDEVANT, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted March 9, 2022[]
Portland, Oregon

Before: GRABER and BEA, Circuit Judges, and REISS,[***] District Judge.

Petitioner Darlene Sturdevant appeals the district court's denial of her petition for habeas corpus brought pursuant to 28 U.S.C.§ 2255. Reviewing the district court's denial de novo, United States v. Chacon-Palomares, 208 F.3d 1157, 1158 (9th Cir. 2000), we affirm.

1. Petitioner, in her plea agreements, appears to have waived her right to attack her sentence collaterally. But even if she has not waived that right, her challenge fails. Petitioner's argument regarding her career offender status is foreclosed by binding precedent. United States v. Crum, 934 F.3d 963, 964, 967 (9th Cir. 2019) (per curiam), holds that a conviction for delivery of methamphetamine under Oregon Revised Statute section 475.890 qualifies as a controlled substance offense for sentencing purposes.

2. Petitioner's claim of ineffective assistance of counsel, therefore, fails as well. Her lawyer's failure to raise an argument that was foreclosed by binding case

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

law does not satisfy either prong of the test established by <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  <u>See</u> <u>Rupe v. Wood</u>, 93 F.3d 1434, 1445 (9th Cir. 1996) (noting that "the failure to take a futile action can never be deficient performance").

**AFFIRMED**