**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARVIN TERRILL CARMEN,

Defendant-Appellant.

No. 22-35100

D.C. Nos.   2:21-cv-00203-WFN
               2:13-cr-00008-WFN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted December 2, 2024
Seattle, Washington

Before:  W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

     Arvin Terrill Carmen ("Carmen") appeals from the district court's denial of

his motion to vacate or set aside his conviction for engaging in a continuing

criminal enterprise.  We review de novo a denial of a motion under 28 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 2255. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000).

We have jurisdiction under 28 U.S.C. §§ 2253 and 2255(d), and we affirm.

To be guilty of engaging in a continuing criminal enterprise, a person must be found to have committed a series of predicate violations "in concert with five or more other persons." 21 U.S.C. § 848(c)(2)(A). Carmen argues that his trial counsel rendered ineffective assistance of counsel by failing to object to a jury instruction that required the government to prove that "CARMEN and at least 'five or more other persons' were part of an *agreement* or joint action to commit the continuing series of violations." (Emphasis added.) To succeed, Carmen must show both that (1) his "counsel's performance was deficient" for his failure to object to the instruction, and (2) "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Carmen's counsel's performance was neither deficient nor prejudicial. As an initial matter, it is not clear that the jury instructions misstated the meaning of "in concert" as Carmen argues. The "plain meaning of the phrase 'in concert' signifies mutual agreement in a common plan or enterprise." *Rutledge v. United States*, 517 U.S. 292, 300 (1996). The jury instructions were consistent with that meaning. Conspiracy is a lesser included offense of engaging in a continuing criminal enterprise, as § 848 also requires that the defendant, *inter alia*, commit a

2

series of substantive violations, act as a supervisor or organizer of the criminal enterprise, and obtain a substantial income. *Id.* at 299 n.7. Read as applying § 848's "in concert" element only, the challenged portion of the instruction appears consistent with the "mutual agreement" meaning ascribed to that element by *Rutledge*.

In addition, "[a] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999). A subsequent part of the jury instructions required the jury to find that Carmen "acted as an organizer, supervisor, or manager of the five or more other persons." The special verdict form also required the jury to find that he "acted as an organizer, supervisor or manager of the five or more [other] persons . . . in furtherance of the continuing criminal enterprise." We therefore agree with the district court that "any overbreadth in the definition of 'in concert with' was cured by detailed language" in other portions of the jury instructions that independently required such conduct. *Carmen v. United States*, No. 2:13-CR-0008-WFN-1, 2022 WL 256286, at *2 (E.D. Wash. Jan. 26, 2022). Accordingly, Carmen's counsel's performance was not deficient for failing to object to the aforementioned instruction. *See Juan H. v.*

3

*Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection.").

Even if Carmen's counsel performed deficiently, Carmen cannot show prejudice. First, the "in concert" instruction was already contested prior to trial, when defense counsel proposed a jury instruction that was identical to the adopted instruction except for the sentence now being challenged. In adopting the prosecution's proposed instruction instead, the district court effectively ruled against the defense regarding the challenged instruction, and Carmen has not shown that the court would have ruled differently on an additional objection at trial. Second, as pointed out above, other language in the jury instructions required the jury to find that Carmen acted in concert with five or more persons. Third, the jury heard overwhelming evidence that Carmen committed three or more narcotics violations with five or more other persons as required under § 848. Any error committed by Carmen's trial counsel therefore would not "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**AFFIRMED.**