**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16998 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00578-JSW-1 |
| v. | |
| DAVID CONERLY, AKA David Clayton Conerly, | MEMORANDUM* |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 4, 2024
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Defendant-Appellant David Conerly appeals the denial of his 28 U.S.C.

§ 2255 motion, which sought to vacate his conviction and sentence on the grounds

that, *inter alia*, his attorney had rendered ineffective assistance with respect to

pleading guilty. This court issued a certificate of appealability limited to that issue,

and we therefore have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) over

Conerly's appeal of that ruling. We review de novo whether a district court

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

correctly denied, without a hearing, a § 2255 motion asserting ineffective assistance of counsel. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000). We affirm.

1. The district court did not err in rejecting Conerly's ineffective assistance claim regarding the Government's March 2018 proposal that, in exchange for Conerly's guilty plea, the parties would stipulate to a binding sentencing range of 57–87 months under Federal Rule of Criminal Procedure 11(c)(1)(C).

To prevail on an ineffective assistance of counsel claim, the defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On appeal, Conerly contends that his counsel was ineffective with respect to Conerly's consideration of the March 2018 plea offer by failing to pursue any of several available options to obtain greater clarity as to Conerly's criminal history. In discussions with Conerly, his counsel had suggested at that time that Conerly's criminal history category would be category IV, but counsel also acknowledged that it might be category III or category V. However, counsel later successfully argued, at sentencing in November 2018, that a particular prior marijuana conviction should be excluded in calculating criminal history and that Conerly's criminal history category was therefore III. Conerly asserts that, back in March, he needed greater clarity about his criminal history category in order to assess

2

whether to accept the Government's plea offer, and that if his counsel had taken steps at that time to resolve or further clarify the issue of whether the marijuana conviction should be included, he would have accepted the plea offer.

Conerly's theory makes no logical sense, thereby confirming that he has failed to make a sufficient showing of prejudice. Conerly does not dispute that his counsel in March advised him that his criminal history category was likely IV, which, in the absence of the plea agreement, would have exposed him to a *higher* sentencing range than if it was III. But given that Conerly was unwilling to accept the plea agreement when his counsel told him that his criminal category was IV, there is no basis "to conclude with '*reasonable* probability' that he would have accepted the plea offer" if only he had known that the offer was *less* generous than he had thought at the time. *Nunes v. Miller*, 350 F.3d 1045, 1054 (9th Cir. 2003) (emphasis added) (quoting *Strickland*, 466 U.S. at 694), *abrogated on other grounds as stated in Ochoa v. Davis*, 50 F.4th 865, 888 (9th Cir. 2022). The district court did not err in rejecting this claim without an evidentiary hearing.

2. Conerly also contends that his counsel was ineffective regarding Conerly's decision whether to plead guilty, without a plea agreement, at a June 2018 hearing. We conclude that this claim was also properly rejected.

Conerly concedes that, prior to that hearing, he was aware from his discussions with counsel that there was a "possibility that the [G]overnment could

3

add new charges," but he asserts that he "did not know that to avoid new charges [he] needed to plead guilty on that day." Even assuming that counsel was defective, Conerly fails to show prejudice—*i.e.*, he has failed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Conerly argues that, given the potentially applicable guidelines calculations and the statutory maximum, he "would have faced a relatively small risk in going to trial compared to pleading guilty," but he concedes that this argument assumes that he would be proceeding "*without* the [G]overnment's threat to add a new charge" (emphasis added). That qualification is significant, because Conerly has failed to point to evidence that, but for counsel's asserted errors, he would have risked trial on *additional charges*. Conerly's failure to carry his burden is underscored by his colloquy with the district court at his plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *Muth v. Fondren*, 676 F.3d 815, 821–22 (9th Cir. 2012) (stating that, in "the absence of extraordinary circumstances," a defendant's sworn "statements at the plea colloquy carry a strong presumption of

4

truth" (citations omitted)).  At the plea hearing, the district court addressed Conerly's concerns, questioned Conerly and counsel *ex parte*, and then put the matter over until the end of the calendar to give Conerly more time to confer with counsel.  In his subsequent plea colloquy, Conerly specifically acknowledged that he had "taken into account the possibility that the Government might charge [him] with additional charges if [he] were not to plead guilty," and he agreed that he "made an informed and intelligent decision" that he wanted to avoid that risk.  The court questioned the prosecutor, who clarified that, even though there was no plea agreement, he could represent that the Government would not file additional charges if Conerly pleaded guilty that day.  The court also specifically warned Conerly that "the sentence imposed may be different from any estimate that [his] attorney may have provided to [him]" and that it might be "greater" than what the advisory sentencing guidelines might suggest.

On this record, Conerly has failed to provide any reasonable basis to conclude that his plea was not knowing and voluntary or that, but for his counsel's alleged deficiencies, he would have chosen to proceed to trial and to run the risk of additional charges.  He therefore failed to establish prejudice, and his § 2255 motion alleging ineffective assistance concerning the June 2018 plea was properly denied without an evidentiary hearing.  *See Hill*, 474 U.S. at 59.

**AFFIRMED.**