**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16462 |
| Plaintiff-Appellee, | D.C. Nos. 2:18-cv-01980-GMN 2:16-cr-00046-GMN-NJK-10 |
| v. | |
| GERALD A. DELEMUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted September 14, 2020
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

Gerald Delemus appeals the district court's denial of his 28 U.S.C. § 2255

Motion to Vacate, Set Aside, or Correct Sentence. We granted a certificate of

appealability on whether his guilty plea was not knowing or voluntary due to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

*Brady* violations. *See Brady v. Maryland*, 373 U.S. 83, 86 (1963). We have jurisdiction under 28 U.S.C. § 2253(a). "We review de novo a district court's decision to deny a motion under 28 U.S.C. § 2255," *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000) (citation omitted), and we affirm.[1]

Delemus argues that the government violated *Brady* by failing to disclose evidence of heavily armed law enforcement officers and surveillance equipment near the Bundy residence during the 2014 standoff in Bunkerville, Nevada.[2] When a defendant who pleaded guilty seeks § 2255 relief based on the government's alleged withholding of exculpatory evidence, he must demonstrate that "there is a reasonable probability that but for the failure to disclose the *Brady* material, the defendant would have refused to plead and would have gone to trial." *United States v. Nagra*, 147 F.3d 875, 881–82 (9th Cir. 1998) (quotation marks and citation omitted). "[T]he test for whether the defendant would have chosen to go to trial is an objective one that centers on the likely persuasiveness of the withheld information." *Id.* at 882 (quotation marks and citation omitted).

---

[1] The parties are familiar with the factual and procedural background of this matter. Therefore, we recite only those facts necessary for this disposition.

[2] The government argues that Delemus's collateral attack waiver in his plea agreement bars him from asserting his *Brady* argument. We disagree. Although Delemus waived the right to collaterally attack his conviction, a "defendant challenging the voluntariness of a guilty plea may assert a *Brady* claim." *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995).

Delemus's argument relies on the district court's dismissal with prejudice of the indictment against several of his codefendants, based on the government's failure to disclose the same evidence at issue here, and this court's affirmance of that dismissal. *See United States v. Bundy*, 968 F.3d 1019, 1045 (9th Cir. 2020). In *Bundy*, the undisclosed evidence undermined "[a] central pillar of the government's case" against those defendants: "the allegation that the defendants recruited armed followers by intentionally deceiving those followers into believing that the Bundys feared for their lives because government snipers surrounded their ranch." *Id.* at 1024–25.

Here, in contrast, Delemus does not argue that his prosecution was based on a theory of deceitfully recruiting followers. Moreover, Delemus acknowledges that any recruitment he was alleged to engage in relating to his convictions for Conspiracy to Commit an Offense Against the United States, 18 U.S.C. § 371, and Interstate Travel in Aid of Extortion, 18 U.S.C. § 1952(a)(2), took place *after* he arrived at the Bundy ranch. The undisclosed evidence, however, only concerns circumstances at the Bundy ranch *before* Delemus arrived there and, therefore, it would not have supported a defense for Delemus.

Delemus argues that the undisclosed evidence would have bolstered a defense based on a theory that he solely intended to protect the Bundy family from government agents' use of excessive force, not to interfere with the agents'

performance of lawful duties. But because the evidence in question only concerned circumstances at the Bundy ranch before Delemus arrived there, it has no plausible bearing on his state of mind and actions after he arrived and, thus, "was not material to [his] decision to plead guilty." *Sanchez*, 50 F.3d at 1454.

Delemus also suggests that he might not have pleaded guilty had he known about the undisclosed evidence because he was already wavering on whether to plead guilty. But our "test for whether [a] defendant would have chosen to go to trial" absent a *Brady* violation "is an objective one," *id.*, and Delemus's subjective ambivalence about whether to plead guilty does not inform this analysis.

**AFFIRMED.**